IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUPERHYPE TAPES, LTD., <br><br> PLAINTIFF, <br><br> V. <br><br> ABANWASI_0, ET AL., <br><br> DEFENDANTS. | CASE NO.: 1:20-CV-01546 <br><br> JUDGE CHARLES R. NORGLE, SR. <br><br> MAGISTRATE JUDGE M. DAVID WEISMAN |

## **FINAL JUDGMENT ORDER**

This action, having been commenced by Superhype Tapes, Ltd. ("Superhype" or "Plaintiff") against the Defendants identified in the attached amended Schedule A to the Complaint, and using the online marketplace accounts (collectively, the "Defendant Internet Stores" or "Seller Aliases"), and Superhype, having moved for entry of Default and Default Judgment against the Defendants identified in Schedule A to the Complaint, attached hereto (collectively, the "Defaulting Defendants");

This Court, having entered upon a showing by Superhype, a Temporary Restraining Order and Preliminary Injunction against Defaulting Defendants, which included an asset restraining order;

Superhype, having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and,

1

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants, since the Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. In the context of similar cases, ". . . a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In the present case, Plaintiff has presented screenshot evidence that each Defaulting Defendant Internet Store is reaching out to do business with Illinois residents, by operating one or more commercial, interactive Internet Stores, through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Trademarks and Copyrights. See Docket No. 15, which includes screenshot evidence, confirming that each Defaulting Defendant Internet Store does stand ready, willing, and able to ship the counterfeit goods to customers in Illinois, and the goods of which bear infringing and/or counterfeit versions of the Led Zeppelin Trademarks, U.S. Trademark Registration Nos. 4,340,692, 2,212,548, and 5,663,514, and/or which bear versions or derivative content of the Led Zeppelin Copyrights, Registration Nos. RE0000767432, RE0000767430, RE0000767435, RE0000767431, RE0000864464, RE0000767434, CSN0016803, CSN0016803, TX0008510562, TX0008510571, VAu001334047, PA0001941359, V3579D644, V3579D669, V3578D670, PAu002432643, VA0000591297, TX0000303053, TX0003080509, PA0000872283, SR0000174356, PA0000922942, RE0000767433, VAu001200331,

2

VA0002042824, V3608D159, VA0000111211, V3612D614, V3578D670, V3579D669, V3608D159, V3608D159, V3608D159, V3608D159, V3608D159, PA0001995940, TXu000769890, TX0001281713, TX0007349298, V9935D314, V3620D258, VAu000083702, VA0000473995, V9926D277, V3510D110, PA0000718030, VAu001332137, V1744P359, RE0000840976, V1740P027, RE0000840977, RE0000840975, RE0000840986, RE0000840979, RE0000840980, RE0000840983, RE0000840981, RE0000840982, RE0000840984, RE0000840978, RE0000840985, TX0006937190, 0PA0001817015, V3446D287, V9957D007, V3527D039, PA0001383869, TX0008787718, CSN0098988, CSN0098988, VA0001734853, SR0000392357, SRu000625956, SRu000625959, V3609D139, TX0006273641, SRu000447667, TX0007164062, TX0007150962, VAu001308954, VA0000971257, VA0001292295, TX0003354252, RE0000840965, RE0000840961, RE0000840963, RE0000840962, RE0000840964, RE0000840966, RE0000767443, RE0000767440, V3578D670, V3579D644, V3579D669, RE0000767441, RE0000767439, PA0000872284, RE0000767442, RE0000767438, RE0000767437, RE0000767436, V9926D277, V3510D110, PA0001927748, V3579D644, V3578D670, V9926D277, V3510D110, PA0001926616, TX0001011575, VA0000047617, TX0004757756, V9932D170, V3579D644, V9926D277, V3579D669, V3578D670, V3510D110, VA0000473967, V3612D588, V3473D415, TX0004010168, VAu001170110, VAu001170113, VAu001332953, TX0007990030, V3607D880, TX0001997258, TX0001788857, PA0000718016, SR0000626433, VAu000690000, VAu001170117, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, V3612D620, VAu001170114, VAu001170115, TX0007600661, V3532D501, VA0002080775, TX0000514805, VAu001170118, VAu001170112, PA0000930775, and TX0007324857.

3

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.), and willful copyright infringement, pursuant to 17 U.S.C. § 504(c);.

IT IS HEREBY ORDERED that Superhype Tapes, Ltd.'s Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default, and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Led Zeppelin Trademarks and Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Superhype Product or not authorized by Superhype to be sold in connection with the Led Zeppelin Trademarks and Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Superhype product or any other product produced by Superhype, that is not Superhype's or not produced under the authorization, control or supervision of Superhype and approved by Superhype, for sale under the Led Zeppelin Trademarks and Copyrights;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Superhype, or are sponsored by, approved by, or otherwise connected with Superhype;

4

    d. further infringing the Led Zeppelin Trademarks and Copyrights and damaging Superhype's goodwill;

    e. otherwise competing unfairly with Superhype in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Superhype, nor authorized by Superhype to be sold or offered for sale, and which bear any of the Led Zeppelin Trademarks and Copyrights, or any reproductions, counterfeit copies or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit/infringing products; and,

    h. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Led Zeppelin Trademarks and Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof, that is not a genuine Superhype Product, or not authorized by Superhype to be sold in connection with the Led Zeppelin Trademarks and Copyrights.

2. Those in privity with Defaulting Defendants, and with actual notice of this Order, including any online marketplaces such as PayPal, Inc. ("PayPal"), ContextLogic, Inc. ("WISH), eBay, Inc. ("eBay"), Amazon Payments, Inc. ("Amazon"), Etsy, Alipay US, Inc. ("Alipay"), iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd., and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the Led Zeppelin Trademarks and Copyrights, including any accounts associated with the Seller Aliases listed on Schedule A, attached hereto;

    b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Led Zeppelin Trademarks and Copyrights; and

    c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Superhype is awarded statutory damages from each of the Defaulting Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit Led Zeppelin Trademarks on products sold through at least the Defendant Internet Stores.

4. Pursuant to 17 U.S.C. § 504(c)(2), Superhype is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful copyright infringement of the Led Zeppelin Copyrights. The one hundred thousand dollar ($100,000) award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the amended Schedule A.

5. PayPal, Inc. ("PayPal"), ContextLogic, Inc. ("WISH"), eBay, Inc. ("eBay"), Amazon Payments, Inc. ("Amazon"), Etsy, and Alipay US, Inc. ("Alipay") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts,

6

or Defaulting Defendants' websites, identified on Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by eBay, PayPal, WISH, Amazon, Etsy, and Alipay, are hereby released to Superhype as partial payment of the above-identified damages, and eBay, PayPal, WISH, Amazon, Etsy, and Alipay are ordered to release to Superhype the amounts from Defaulting Defendants' eBay, PayPal, WISH, Amazon, Etsy, and Alipay accounts within ten (10) business days of receipt of this Order.

7. Until Superhype has recovered full payment of monies owed to it by any Defaulting Defendant, Superhype shall have the ongoing authority to serve this Order on eBay, PayPal, WISH, Amazon, Etsy, and Alipay in the event that any new eBay, PayPal, WISH, Amazon, Etsy, and Alipay accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, eBay, PayPal, WISH, Amazon, Etsy, and Alipay shall within two (2) business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts or Defaulting Defendants' websites, including, but not limited to, any eBay, PayPal, WISH, Amazon, Etsy, and Alipay accounts;

    b. Restrain and enjoin such accounts or funds that are based internationally, from transferring or disposing of any money or other assets of Defaulting Defendants; and,

    c. Release all monies restrained in Defaulting Defendants' eBay, PayPal, WISH, Amazon, Etsy, and Alipay accounts to Superhype, as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7

    d. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller Aliases shall disable and/or cease facilitating access to the Seller Aliases, including any other seller alias names identified and/or being used and/or controlled by Defaulting Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's Led Zeppelin Trademarks and Copyrights.

8. Until Superhype has recovered full payment of monies owed to it by any Defaulting Defendant, Superhype shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

    a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' online marketplace accounts, or Defaulting Defendants' websites;

    b. Restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other assets of Defaulting Defendants; and,

    c. Release all monies restrained in Defaulting Defendants' financial accounts to Superhype, as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

    d. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller Aliases shall disable and/or cease facilitating access to the Seller Aliases, including any other seller aliases identified and/or being used and/or controlled by Defendants to engage in the business of marketing, offering to sell,

and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's Led Zeppelin Trademarks and Copyrights.

9. In the event that Superhype identifies any additional online marketplace accounts, domain names, third-party payment processors, and/or financial accounts owned by Defaulting Defendants, Superhype may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses originally identified and served, and any e-mail addresses provided for Defaulting Defendants by third parties.

10. Plaintiffs' cash bond of $10,000.00 previously posted, including any interest minus any registry fee, is hereby released to Plaintiff or their counsel of record AM Sullivan Law, LLC. The Clerk of the Court is directed to return the case bond previously deposited with the Clerk of the Court to Plaintiff's counsel of record by check made payable to the AM Sullivan Law, LLC. IOLTA account.

This is a Final Judgment.

Dated: July 27, 2020

_____
United States District Court Judge Charles R. Norgle, Sr.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUPERHYPE TAPES, LTD.,

    PLAINTIFF,

V.

ABANWASI_0, ET AL.,

    DEFENDANTS.

CASE NO.: 1:20-CV-01546

JUDGE CHARLES R. NORGLE, SR.

MAGISTRATE JUDGE M. DAVID WEISMAN

## AMENDED SCHEDULE A TO COMPLAINT

| No. | Seller Name | No. | Seller Name |
|---|---|---|---|
| 1 | abanwasi_0 | 24 | gurielisabe_0 |
| 2 | agbatu0 | 25 | hanurawarahardj0 |
| 3 | agunsumarg-0 | 26 | harsanjay0 |
| 4 | agustinnir-0 | 27 | henrhandok-0 |
| 5 | alimmu-0 | 28 | herditeg_0 |
| 6 | amitohar_0 | 29 | hernaniantsuwant0 |
| 7 | andifirma0 | 30 | husnalba-0 |
| 8 | areyanu-0 | 31 | ibnpudj0 |
| 9 | athirainthrawichi-0 | 32 | innmarselin_0 |
| 10 | atsulist-0 | 33 | ipigalr0 |
| 11 | bagassetywicakson0 | 34 | irhary0 |
| 12 | bayjak-0 | 35 | jackwicakson_0 |
| 13 | bobbkagh-0 | 36 | jariyaamala_0 |
| 14 | DISMISSED | 37 | jeanpaja-0 |
| 15 | chanathesuwannaso-0 | 38 | jonsembirin-0 |
| 16 | ciapri0 | 39 | kaparab-0 |
| 17 | dikrendr-0 | 40 | kapasela-0 |
| 18 | efkurniasar_0 | 41 | kurniawan0 |
| 19 | evdian-0 | 42 | markuwijay_0 |
| 20 | farit.apriyan-0 | 43 | mbsam-0 |
| 21 | fashend_0 | 44 | meynurul0 |
| 22 | freddarmawa0 | 45 | muhammasolehudi-0 |
| 23 | fuaarifi0 | 46 | nattayong_0 |

1

| No. | Seller Name |
|---|---|
| 47 | nguyhuyen_0 |
| 48 | nimaya-0 |
| 49 | nindykurn-0 |
| 50 | nittali_0 |
| 51 | norasesakh0 |
| 52 | phonngam_0 |
| 53 | prandnovriyant0 |
| 54 | putrparit-0 |
| 55 | rarrir_0 |
| 56 | rewidy0 |
| 57 | saniwibaw_0 |
| 58 | sertberyui_0 |
| 59 | sidwik0 |
| 60 | sinadirgantar0 |
| 61 | sitpatoka_0 |
| 62 | syamsiatucantik-0 |
| 63 | tataiskanda-0 |
| 64 | teguami-0 |
| 65 | veakla0 |
| 66 | virgipraman_0 |
| 67 | waisanti_0 |
| 68 | warijafari0 |
| 69 | xuhaph-0 |
| 70 | yossub-0 |